# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SUOMEN COLORIZE OY,  Plaintiff,  v.  VERIZON COMMUNICATIONS INC., VERIZON SERVICES CORP., VERIZON ONLINE LLC, AND VERIZON DELAWARE LLC.  Defendants. | Civil Action No. _____  JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Suomen Colorize Oy ("SCO"), by way of this Complaint against Verizon Communications Inc. ("Verizon Communications"), Verizon Services Corp. ("Verizon Services"), Verizon Online LLC ("Verizon Online"), and Verizon Delaware LLC ("Verizon Delaware") (collectively "Verizon" or "Defendants"), hereby alleges with knowledge with respect to its own acts and upon information and belief with respect to all others:

### PARTIES

1. SCO is a Finnish business entity organized and existing under the laws of Finland, with its principal place of business at Louhikkotie 12 A A, Vantaa, Finland FI-01390.

2. Verizon Communications is a Delaware corporation with its corporate headquarters at 140 West Street, New York 10007. Verizon Communications may be served with process via its registered agent, the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

3. Verizon Services is a wholly owned subsidiary of Verizon Communications and is a Delaware corporation with its principal place of business at 1320 North Court Road, Arlington, Virginia 22201. Verizon Services may be served with process via its registered agent, the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4. Verizon Online is a wholly owned subsidiary of Verizon Communications and is a Delaware limited liability company with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147. Verizon Online may be served with process via its registered agent, the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

5. Verizon Delaware is a wholly owned subsidiary of Verizon Communications and is a Delaware limited liability company with its principal place of business at 901 Tatnall Street, Wilmington, Delaware 19801. Verizon Delaware may be served with process via its registered agent, the Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

6. Defendants make, use, offer for sale and/or sell a communications (internet, telephone, and television) service called FiOS.

## JURISDICTION AND VENUE

7. This is a civil action for patent infringement arising under 35 U.S.C. §§ 100, *et seq*., and in particular § 271.

8. This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. § 1338(a).

9. This Court has personal jurisdiction over Defendants because they are incorporated under the laws of the State of Delaware. Further, Defendants regularly conduct and

solicit business in Delaware and derive substantial revenue from goods used or services rendered in this state and judicial district.

10. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

*SCO and its Patent*

11. SCO is a Finnish technology innovation company. It is led by Risto Mäkipää whose inventions improve the consumer experience of television, mobile phones, tablets, and computers.

12. On October 2, 2007, the United States Patent and Trademark Office issued United States Patent No. 7,277,398 (the "'398 Patent"). The '398 Patent is entitled METHOD AND TERMINAL FOR PROVIDING SERVICES IN TELECOMMUNICATION NETWORK. A copy of the '398 Patent is attached as Exhibit 1.

13. SCO is the assignee of the '398 Patent.

14. The '398 Patent describes a method and a system for providing services and data regarding available service selections using a terminal and one or more telecommunications networks, wherein the selection data of a service is formed by using identification and control data of the services that is located in multiplexed frames used for transmitting the services to subscribers. Such methods and systems are sometimes referred to as electronic program guides.

*Defendants' Infringing Service and System*

15. Defendants' FiOS system provides video, voice and data services. The television component of FiOS services is called FiOS TV. FiOS TV has an Electronic Program Guide ("EPG").

16.     Defendants' diagram below shows that FiOS broadcast video and data are transmitted separately to the customer premises over the Fiber to the Premises network ("FTTP") on separate wavelengths of light (1490nm and 1550nm, respectively):



Stuart Elby, Fiber to the Home: Enabling Innovation & Growth, IEEE New Jersey Coast Computer and Communications Society, 4 (2009), http://ewh.ieee.org/r1/njcoast/IEEE_ NJ_talk_-_Elby.pdf.

17.     Defendants' EPG is at least associated with the FTTP downstream data signal carried on the 1490nm wavelength.

18.     Defendants' EPG uses a terminal and one or more telecommunications networks for providing services and data regarding available service selections, wherein the selection data

of a service is formed by using identification and control data of the services that are located in multiplexed frames used for transmitting the services to subscribers.

## CLAIMS FOR RELIEF

### First Count of Infringement
### The '398 Patent Against Defendants

19. SCO repeats and re-alleges paragraphs 1-18 as if fully set forth herein.

20. Defendants, through at least their FiOS system and services, have been and still are directly infringing the '398 Patent, literally or under the doctrine of equivalents, by making, using, offering to sell, and selling the invention of one or more claims, including at least claim 1, of the '398 Patent.

21. As a direct and proximate result of Defendants' acts of infringement, SCO has been, is being, and will be damaged. Consequently, SCO is entitled to compensation for its damages from Defendants under 35 U.S.C. § 284 in an amount that cannot presently be quantified but will be ascertained through discovery or at trial.

## DEMAND FOR JURY TRIAL

22. SCO requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, SCO respectfully asks the Court for the following relief:

(i) A judgment declaring that Defendants have infringed the '398 Patent as alleged herein;

(ii) A judgment and order awarding SCO damages under 35 U.S.C. § 284;

(iii) A judgment and order granting supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

(iv) A judgment and order awarding SCO pre-judgment and post-judgment interest on the damages awarded; and

(v) Such other and further relief as the Court deems just and equitable.

| | |
|---|---|
| June 5, 2012 | **BAYARD, P.A.** |
| Of Counsel: | /s/ Stephen B. Brauerman<br>Richard D. Kirk (rk0922) |
| Karen H. Bromberg<br>Francisco A. Villegas<br>Damir Cefo<br>Joyce E. Kung<br>**COHEN & GRESSER LLP**<br>800 Third Avenue<br>New York, New York 10022<br>(212) 957-7600 | Stephen B. Brauerman (sb4952)<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, Delaware 19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>(302) 655-5000<br><br>*Attorneys for Suomen Colorize Oy* |