**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SUOMEN COLORIZE OY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 12-715-CJB |
| ) | |
| VERIZON SERVICES CORP., ) | JURY TRIAL DEMANDED |
| VERIZON ONLINE LLC, and ) | |
| VERIZON DELAWARE LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS VERIZON SERVICES CORP., VERIZON ONLINE LLC,
AND VERIZON DELAWARE LLC'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Verizon Services Corp. ("VSC"), Verizon Online LLC ("VOL"), and Verizon Delaware LLC ("Verizon Delaware") (collectively, "Defendants")[1] hereby answer the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Suomen Colorize Oy ("SCO"). As an initial matter, Defendants object to SCO's repeated use in the Complaint of "Verizon" as an abbreviation for all Defendants, specifically such use in allegations that apply to less than all Defendants.

---

[1] Pursuant to Fed. R. Civ. P. 41(a)(1)(A), the parties filed a Stipulation and Notice of Voluntary Dismissal of Defendant Verizon Communications Inc. Without Prejudice (D.I. 9). Accordingly, Verizon Communications Inc. is not filing an answer.

# ANSWER

## PARTIES[2]

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and on that basis deny them.

2. No answer is required to the allegations contained in Paragraph 2 of the Complaint because they are not directed to any current defendant in this case.

3. Defendants admit that VSC is a wholly-owned subsidiary of Verizon Communications Inc. and is a Delaware corporation, and admit that the Corporation Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, is a registered agent of VSC. Except as expressly admitted, Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that VOL is a wholly-owned subsidiary of Verizon Communications Inc. and is a Delaware limited liability company with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147, and admit that the Corporation Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 is a registered agent of VOL. Except as expressly admitted, Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants admit that Verizon Delaware is a wholly-owned subsidiary of Verizon Communications Inc. and is a Delaware limited liability company with its principal place of business at 901 Tatnall Street, Wilmington, Delaware 19801, and admit that the Corporation Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, is a

---

[2] For ease of reference, Defendants incorporate the outline headings used in the Complaint. To the extent that such headings are deemed to make factual allegations, Defendants do not adopt or admit such allegations.

registered agent of Verizon Delaware. Except as expressly admitted, Defendants deny the allegations in Paragraph 5 of the Complaint.

6. VSC admits that it is involved in the development of FiOS-branded internet, telephone, and television services ("FiOS Services"). VSC denies the remaining allegations of Paragraph 6 of the Complaint to the extent they apply to VSC. VOL admits that it offers for sale and/or sells FiOS-branded internet services. VOL denies the remaining allegations of Paragraph 6 of the Complaint to the extent they apply to VOL. Verizon Delaware admits that it offers for sale and/or sells FiOS Services. Verizon Delaware denies the remaining allegations of Paragraph 6 of the Complaint to the extent they apply to Verizon Delaware. Except as expressly admitted, Defendants deny the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Defendants admit that the Complaint purports to state a cause of action under 35 U.S.C. §§ 100, *et seq.*, and in particular § 271. Defendants specifically deny that they have committed or continue to commit acts of patent infringement. Defendants specifically deny that SCO is entitled to any relief pursuant to the Complaint. Except as expressly admitted, Defendants deny the allegations in Paragraph 7 of the Complaint.

8. No answer is required to the allegations contained in Paragraph 8 of the Complaint, which merely state conclusions of law.

9. No answer is required to the allegations contained in Paragraph 9 of the Complaint that merely state conclusions of law. With regard to the factual allegations contained in Paragraph 9, Defendants admit that they are formed and exist under the laws of the State of Delaware. Except as expressly admitted above, Defendants deny the allegations in Paragraph 9 of the Complaint.

10. No answer is required to the allegations contained in Paragraph 10 of the Complaint, which merely state conclusions of law.

## FACTUAL BACKGROUND

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and on that basis deny them.

12. United States Patent No. 7,277,398 (the "'398 patent") speaks for itself. Defendants admit that Exhibit 1 to the Complaint appears to be a copy of the '398 patent. Defendants admit that the face of the '398 patent shows that it is entitled "METHOD AND TERMINAL FOR PROVIDING SERVICES IN TELECOMMUNICATION NETWORK" and that it was issued by the United States Patent and Trademark Office on October 2, 2007. Except as expressly admitted above, Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis deny them.

14. The '398 patent speaks for itself. Defendants are without knowledge of the methods and systems of the '398 patent being referred to by anyone as an electronic program guide and therefore specifically deny the allegation. Except as expressly admitted, Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that FiOS Services include video, voice and data services. Defendants admit that FiOS TV services are a component of FiOS Services and at least some FiOS TV services have an Interactive Media Guide. Except as expressly admitted, Defendants deny the allegations in Paragraph 15 of the Complaint.

16. The document entitled Fiber to the Home: Enabling Innovation & Growth located at http://ewh.ieee.org/rl/njcoast/IEEE_NJ_talk_-_Elby.pdf ("Fiber to the Home Article") speaks

for itself. Defendants admit that the diagram in Paragraph 16 of the Complaint appears to be a copy of a diagram contained in the Fiber to the Home Article. Except as expressly admitted, Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants admit that the FiOS Interactive Media Guide is, for at least some FiOS TV customers, carried on the 1490nm wavelength in a Fiber-to-the-Premises ("FTTP") data signal. Except as expressly admitted, Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

## CLAIMS FOR RELIEF
### First Count of Infringement
### The '398 Patent Against Defendants

19. Defendants incorporate herein by reference their responses to Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

## DEMAND FOR JURY TRIAL

22. This Paragraph requires no response, as it contains no allegations and merely states a request for a jury trial.

## PRAYER FOR RELIEF

23. Defendants deny that SCO is entitled to any of the relief set forth in the Complaint or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as required by law. Defendants reserve the

right to amend their Answer, or add additional defenses, as additional information becomes available and/or is discovered.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The claims of the '398 patent are invalid under 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and 112, and/or obviousness-type double patenting.

## THIRD DEFENSE

Defendants do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any claim of the '398 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

## FOURTH DEFENSE

Some or all of SCO's claims are barred by the doctrines of waiver, estoppels, laches, acquiescence, and/or estoppel.

## FIFTH DEFENSE

SCO is estopped from asserting infringement by Defendants by virtue of conduct and representations, including representations regarding prior art, made during the prosecution of the '398 patent.

## **DEFENDANTS' COUNTERCLAIMS**

Defendants and Counterclaim-Plaintiffs Verizon Services Corp. ("VSC"), Verizon Online LLC ("VOL"), and Verizon Delaware LLC ("Verizon Delaware") (collectively, "Counterclaim-

Plaintiffs") hereby plead the following Counterclaims and make the following allegations against Plaintiff and Counterclaim-Defendant Suomen Colorize Oy ("SCO").

## JURISDICTION AND VENUE

1. This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq.* This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

2. SCO is subject to the personal jurisdiction of this Court for at least the reason that, in filing its Complaint, SCO has submitted to the personal jurisdiction of this Court.

3. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) for least the reason that, in filing its Complaint, SCO has submitted to venue in this district.

## PARTIES

4. VSC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147.

5. VOL is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 22001 Loudoun County Parkway, Ashburn, Virginia 20147.

6. Verizon Delaware is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 901 Tatnall Street, Wilmington, Delaware 19801.

7. Based on assertions by SCO, SCO is a Finnish business entity organized and existing under the laws of Finland, with its principal place of business at Louhikkotie 12 A A,

Vantaa, Finland FI-01390. SCO is subject to this Court's jurisdiction for having initiated this action.

8. Based on assertions by SCO, SCO is the assignee of United States Patent No. 7,277,398 (the "'398 patent").

## COUNT I
**(Declaratory Judgment of Non-Infringement of the '398 Patent)**

9. The allegations contained in Paragraphs 1-8 are re-alleged and incorporated as if fully set forth herein.

10. SCO has filed suit against Defendants and Counterclaim-Plaintiffs in the present action, alleging infringement of the '398 patent.

11. Counterclaim-Plaintiffs do not infringe, have not infringed, and do not and have not induced infringement or contributed to infringement of any valid and enforceable claim of the '398 patent under any theory of infringement, including direct infringement, indirect infringement, literal infringement, or infringement under the doctrine of equivalents.

12. An actual, immediate, real, and justiciable controversy exists between the parties with respect to the alleged infringement of the '398 patent.

13. Counterclaim-Plaintiffs are entitled to a declaration by this Court that they have not infringed and are not infringing, either literally, under the doctrine of equivalents, directly or indirectly, or in any other way, any claim of the '398 patent.

14. Counterclaim-Plaintiffs are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

## COUNT II
### (Declaratory Judgment of Invalidity)

15. The allegations contained in Paragraphs 1-14 are re-alleged and incorporated as if fully set forth herein.

16. SCO has filed suit against Defendants and Counterclaim-Plaintiffs in the present action, alleging infringement of the '398 patent.

17. The claims of the '398 patent are invalid for failure to comply with one or more provisions under 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103, and 112, and/or obviousness-type double patenting.

18. An actual, immediate, real, and justiciable controversy exists between the parties with respect to the alleged validity of the '398 patent.

19. Counterclaim-Plaintiffs are entitled to a declaration by this Court that all of the claims of the '398 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or obviousness-type double patenting.

20. Counterclaim-Plaintiffs also are entitled to further necessary or proper relief based on the Court's declaratory judgment or decree.

WHEREFORE, Counterclaim-Plaintiffs respectfully pray that this Court enter judgment:

(a) Adjudging and declaring that Counterclaim-Plaintiffs have not infringed and are not infringing any claim of the '398 patent, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

(b) Adjudging and declaring that the claims of the '398 patent are invalid;

(c) Dismissing the Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Counterclaim-Plaintiffs;

    (d)    Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding Counterclaim-Plaintiffs their costs and reasonable attorneys' fees in defending this action; and

    (e)    Granting Counterclaim-Plaintiffs such other and further relief as the Court may deem necessary, just, or proper.

## JURY DEMAND

Counterclaim-Plaintiffs hereby demand a jury trial on all issues triable of right by a jury.

July 27, 2012

SEITZ ROSS ARONSTAM & MORITZ LLP

/s/ Benjamin J. Schladweiler
Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendants Verizon Services Corp., Verizon Online LLC, and Verizon Delaware LLC*

*Of Counsel*:

John L. North
Darcy L. Jones
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
Two Midtown Plaza, Suite 1500
1349 West Peachtree Street, N.W.
Atlanta, GA  30309

Norman E.B. Minnear
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, NY  10019

**CERTIFICATE OF SERVICE**

  I, Benjamin J. Schladweiler, hereby certify that on July 27, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

  I further certify that I caused copies of the foregoing document to be electronically mailed to the following individuals:

| | |
|---|---|
| Richard D. Kirk | Karen H. Bromberg |
| Stephen B. Brauerman | Francisco A. Villegas |
| BAYARD, P.A. | Damir Cefo |
| 222 Delaware Avenue | Joyce E. Kung |
| Suite 900 | COHEN & GRESSER LLP |
| Wilmington, DE  19801 | 800 Third Avenue |
| (302) 655-5000 | New York, NY  10022 |
| rkirk@bayardlaw.com | (212) 957-7600 |
| sbrauerman@bayardlaw.com | kbromberg@cohengresser.com |
| | fvillegas@cohengresser.com |
| *Attorneys for Plaintiff Suomen Colorize Oy* | dcefo@cohengresser.com |
| | jking@cohengresser.com |
| | |
| | *Attorneys for Plaintiff Suomen Colorize Oy* |

                */s/ Benjamin J. Schladweiler*
                Benjamin J. Schladweiler (Bar No. 4601)