

100 S. West Street, Suite 400
Wilmington, DE  19801
Telephone  302.576.1600
Facsimile  302.576.1100
www.seitzross.com

**Benjamin J. Schladweiler**
bschladweiler@seitzross.com
302.576.1608

September 19, 2012

**BY ELECTRONIC FILING**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 6100
Wilmington, DE 19801-3555

    Re:   *Suomen Colorize Oy v. Verizon Services Corp., et al.,*
              **C.A. No. 12-cv-715-CJB**

Dear Judge Burke:

    Defendants Verizon Services Corp., Verizon Online LLC, and Verizon Delaware LLC (collectively, "Verizon") submit this letter in advance of the teleconference regarding the proposed Joint Stipulation and Discovery Confidentiality Order ("Proposed Protective Order") set for September 24, 2012 at 9:30 a.m.

    The parties have reached agreement on all aspects of the Proposed Protective Order except for a single issue: whether a party may take notes on an electronic device during its inspection of Highly Confidential – Source Code material.  Because of the highly sensitive nature of its proprietary source code, Verizon respectfully submits that such electronic note-taking should not be permitted.

    **I.**    **Background**

    On June 5, 2012, Plaintiff Suomen Colorize Oy ("SCO") filed this action against Verizon alleging infringement of U.S. Patent No. 7,277,398 (the "'398 patent").

    Verizon is a provider of telecommunications services, including internet, telephone, wireless, and television services to residential and business consumers across the nation.  The technology at issue in this case is Verizon's FiOS TV network, which is a system Verizon developed to provide television programming to consumers.  Unlike cable or satellite television, Verizon's FiOS system uses a fiber-optic network to transmit television programming.  This system is run by proprietary source code Verizon developed.  Verizon's FiOS TV source code

The Honorable Christopher J. Burke
September 19, 2012
Page 2

contains confidential, proprietary, and/or trade secret information regarding every aspect of the operation of FiOS TV. Verizon considers the FiOS TV source code to be highly confidential and sensitive information.

## II.     Argument

As the Court is aware, the District of Delaware has promulgated a Default Standard for Access to Source Code that recognizes the highly sensitive nature of a party's source code. The Default Standard seeks "to ensure secure access to source code," treating source code differently than other categories of information to be produced during discovery by restricting how source code may be accessed by a party receiving discovery. (Default Standard, p. 1, emphasis added.)

In the agreed-upon portions of the Proposed Protective Order, Verizon has assented to access to source code that, at SCO's request, already is more liberal than the access provided in the Default Standard, but does not create unnecessary risks to the confidentiality of the source code. Specifically, while Paragraph 5 of the Default Standard states that source code may not be printed or copied without the agreement of the producing party or court order, Verizon has agreed to permit the receiving party to request up to 500 total pages (up to 25 consecutive) of source code that is reasonably necessary for use in briefing, expert reports, depositions, and trial, subject to appropriate safeguards, including careful recordkeeping, retrieval, and destruction. (Cf. Default Standard ¶5 with Proposed Protective Order, ¶15(h)-(i), (k)-(n).) Moreover, while the Default Standard does not expressly authorize note-taking, Verizon is willing to permit note-taking by hand, subject to appropriate safeguards. (Defendants' Proposal for Proposed Protective Order, ¶15(g) & (j).)

Verizon strongly disagrees, however, with SCO's proposal that the party inspecting source code be allowed to take notes of the source code on an electronic device. (Plaintiff's Proposal for Proposed Protective Order, ¶15(g) & (j).) As noted, Verizon is willing to allow note-taking by hand pursuant to certain clearly-specified protections. But allowing electronic note-taking would unnecessarily jeopardize the security of highly sensitive and confidential information at the core of Verizon's FiOS TV business by creating a heightened and very real risk of inadvertent disclosure that cannot be effectively mitigated through safeguards. The risk to Verizon under SCO's proposal is immense, whereas the only harm to SCO under Verizon's proposal is inconvenience.

There are inherent dangers to electronic possession and storage that do not exist, and cannot be alleviated, in the same manner as with paper records. Should SCO be allowed to use an electronic device during its inspection of Verizon's source code materials, SCO would be able to create an electronic record of portions of Verizon's source code. The existence of such a record in electronic form would create an unnecessary and heightened risk of inadvertent disclosure given the opportunity for – and relative ease and speed of – electronic access and transfer, and the longevity and persistence of electronic records generally. For example, if the electronic record were resident on a network, someone unconnected with this litigation could accidentally or otherwise without authorization access the network file containing the source

The Honorable Christopher J. Burke
September 19, 2012
Page 3

code or notes thereof. Such risks inherent in an electronic record are much greater than the limited risk presented by a paper record in the possession of counsel of record.

In sum, Verizon's proposal strikes an appropriate balance by providing SCO with ample access to source code materials without creating a heightened security risk to Verizon's core proprietary information. Accordingly, Verizon respectfully requests that the Court adopt its proposal under paragraphs 15(g) and (j) of the Confidentiality Order.

        Respectfully submitted,

        */s/ Benjamin J. Schladweiler*

        Benjamin J. Schladweiler (Bar No. 4601)

cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via email)