

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

Writer's Direct Access:
(302) 429-4232
Email:  sbrauerman@bayardlaw.com

September 20, 2012

**BY CM/ECF & HAND DELIVERY**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801

  Re: *Suomen Colorize Oy v. Verizon Services Corp. et al.,* C.A. No. 12-715-CJB

Dear Judge Burke:

  Pursuant to the Court's Scheduling Order (D.I. 18) and its provisions regarding Disputes Relating to Protective Orders, Plaintiff respectfully submits this letter in opposition to Defendants' letter to the Court (D.I. 25).

  Defendants raised one additional issue not addressed in Plaintiff's initial letter to the Court (D.I. 26), namely the inadvertent disclosure of source code excerpts based on access to, and the longevity of, electronic notes. Defendants' concerns, however, are exaggerated.

  The source code provisions of the draft Proposed Protective Order (D.I. 24) provide more than adequate safeguards against inadvertent, unauthorized, and improper source code disclosure. For example, Plaintiff's Paragraph 15(g) proposal requires that the laptop containing source code notes be securely locked and electronically restricted through password protection, encryption, or both. Moreover, Defendants' hypothetical scenario of unauthorized network access to source code is unfounded because Plaintiff does not intend to store any of these notes on a networked server, but rather on a single locked-and-secured laptop computer, thereby negating any risk of such unauthorized disclosure. Additionally, Plaintiff will adhere to Paragraph 15(m) which should alleviate Defendants' concerns regarding the longevity of electronic notes.[1]

  Defendants, in an attempt to bolster their inadvertent disclosure concerns, imply that Plaintiff will request FiOS TV source code in its entirety. Defendants use this false assumption to exaggerate the risks of disclosure. However, during the Rule 16 Teleconference, Plaintiff's counsel explained that discovery would be "narrowly tailored" and that "the characterization about how the electronic program [guide] is created and how it's delivered is going to be the

---

[1] Paragraph 15(m) requires, in part, that "[a]ll paper copies of source code and notes related thereto shall be securely destroyed if they are no longer necessary in the litigation."



The Honorable Christopher J. Burke
September 20, 2012
Page 2

focus of this case, not all aspects of the interactive media guide." (Transcript, 12:6-15 (Aug. 23, 2012).)  In accordance with these statements, Plaintiff anticipates that its request would reasonably be focused in scope to source code related to, for example, the creation, transmission, processing, and use of the electronic program guide data and Interactive Media Guide data, and their use in program selection.  Defendants' assertion to the contrary seems unfounded.

For the aforementioned reasons, Plaintiff believes that Defendants' concerns can be or have been adequately addressed.  However, Plaintiff is willing to entertain further proposals and specific methods from Defendants to limit the use of a laptop for source code note-taking in an appropriate and reasonable manner.  Plaintiff appreciates the Court's time and looks forward to a fair and practical resolution.

Respectfully submitted,

/s/ Stephen B. Brauerman

Stephen B. Brauerman (sb4952)

SBB:cer
cc:   All Counsel
36342-1