**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

————————————————————— x
                            :

SUOMEN COLORIZE OY,          :
                            :
               Plaintiff,      :     C.A. No. 12-715-CJB
                            :
       v.                     :
                            :     JURY TRIAL DEMANDED
VERIZON SERVICES CORP.,      :
VERIZON ONLINE LLC, AND      :
VERIZON DELAWARE LLC,      :
                            :
            Defendants.      :
                            :
————————————————————— x

**[PROPOSED] AMENDED JOINT STIPULATION**
**AND DISCOVERY CONFIDENTIALITY ORDER**

WHEREAS, Suomen Colorize Oy ("SCO"), Verizon Services Corp., Verizon Online LLC, and Verizon Delaware LLC are presently engaged in discovery; and

WHEREAS, the parties consider certain information being sought in discovery or included in documents sought in discovery to be of a confidential and/or highly sensitive nature; and

WHEREAS, the parties have agreed to the entry of this Protective Order to permit each other to discover information deemed confidential and/or highly sensitive pursuant to procedures protecting the confidentiality of such information;

IT IS HEREBY STIPULATED AND ORDERED, as follows:

1.     <u>Designating Confidential Information:</u>  Any party or non-party witness may designate any document, deposition testimony and exhibits, interrogatory answers, requests to

admit and responses thereto and other written, recorded or graphic matter, and information

therein (hereinafter "Items") as "Confidential," "Attorneys' Eyes Only," and/or "Highly

Confidential – Source Code" (collectively, "Confidential Information") in the above-captioned

action ("Action") in the manner set forth below.

       2.     <u>"Confidential" and "Attorneys' Eyes Only" Designation:</u>  A party or non-party

witness may designate an Item as "Confidential" by marking it with the legend "Confidential

Pursuant To Protective Order," "Confidential Information," or "Confidential," at or before the

time of production of the same.  In designating an Item as "Confidential" a party or non-party

certifies in good faith that such material is a trade secret; other confidential research,

development, or commercial information; otherwise within the scope of Rule 26(c) of the Federal

Rules of Civil Procedure or the precedents thereto; or otherwise information that a party believes

in good faith to be subject to foreign data protection laws or other such foreign privacy

obligations, including Directive 95/46/EC of the European Parliament and of the Council of 24

October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data

and on the Free Movement of Such Data, 1995 O.J. (L281/31), the Finnish Personal Data Act

(24.4.1999/523), and the Finnish Act on the Protection of Privacy of Electronic Communications

(16.6.2004/516).  A party or non-party witness may also designate an Item as "Attorneys' Eyes

Only" by marking such Item with the legend "Attorneys' Eyes Only" at or before the time of

production of the same.  In designating Items as "Attorneys' Eyes Only," a party or non-party

certifies in good faith that such material is not only "Confidential," as that term is defined herein,

but, in addition, the disclosure of such information to the receiving party is highly sensitive and may injure the producing party in its trade or business.

       3.     <u>Access to Items Designated as "Confidential" or "Attorneys' Eyes Only"</u>:  Subject to the provisions of Paragraph 2, Items which are designated as "Confidential" or "Attorneys' Eyes Only" may be disclosed to counsel, litigation support personnel, experts, the court, non-technical jury or trial-consulting services, and experts, as follows, but not to any other non-party to this action except as provided for herein:

(a)     The term "counsel" shall mean attorneys for the parties working on this litigation, including both "outside counsel" and "designated in-house counsel."

(b)     The term "outside counsel" shall mean attorneys of the law firms of record for the parties in this action subject to the restrictions in Paragraph 6, and the attorneys' staff members and employees.

(c)     The term "designated in-house counsel" shall mean in-house counsel who are members in good standing of the bar in at least one U.S. state or members of The Association for Finnish Lawyers, and designated on behalf of each party to view Confidential Information subject to Paragraph 6 and as set forth below.  To facilitate the progress and management of this litigation, each party to this action may designate two (2) in-house attorneys as "designated in-house counsel" who may have access to Confidential Information.  Before disclosing any Confidential Information to designated in-house counsel, the party designating such in-house counsel shall provide to the other parties to this action notice (sent by e-mail) that includes a copy

of the undertaking attached as <u>Attachment A</u> signed by each designated in-house counsel.  Thereafter the producing party shall have seven (7) days after such notice is given to object in writing (by e-mail) to the designation of any designated in-house counsel.  No Confidential Information shall be disclosed to designated in-house counsel until after the expiration of the foregoing notice period.  If during the notice period, the producing party serves an objection upon the party desiring to disclose Confidential Information to designated in-house counsel, there shall be no disclosure of Confidential Information to the designated in-house counsel toward whom the objection was made pending resolution of the objection.  The producing party objecting to the disclosure shall provide an explanation of the basis of its objection, and consent to the disclosure of Confidential Information to designated in-house counsel shall not be unreasonably withheld.  If a producing party objects to the disclosure of Confidential Information to designated in-house counsel, the receiving party shall then have seven (7) days after such objection is served to respond to the objection.  The producing party shall then have seven (7) days after such response is served to file an objection with the Court and seek disqualification of the designated in-house counsel or other appropriate relief, if the parties cannot come to an agreement.  No Confidential Information shall be provided to the designated in-house counsel toward whom the objection was made until after resolution of the objection either by the parties or by the Court.  If the producing party fails to file an objection with the Court within the prescribed period, then any objection to the designated in-

house counsel is waived, and any Confidential Information may be thereafter disclosed to the designated in-house counsel.  In the event of a change in employment or assignment for designated in-house counsel, a party may designate a substitute designated in-house counsel by following the disclosure procedures set forth above.

(d)    The term "litigation support personnel" shall mean professional vendors that provide litigation support services, their employees and subcontractors;

(e)    The term "expert" shall mean experts retained by the parties to assist in this action and the experts' staff members and employees (subject to Paragraphs 4 and 6 of this Protective Order);

(f)    The term "court" shall mean the judge presiding over this Action and his/her staff, the members of the jury in this Action, any appellate court with jurisdiction in this Action, and court officials including court reporters, arbitrators, mediators, and case evaluators.

(g)    The term "non-technical jury or trial consulting services" shall mean mock jurors and personnel assisting with mock jurors.  All non-technical jury or trial consulting services must sign the undertaking in the form of <u>Attachment A</u> prior to receiving Confidential or Attorneys' Eyes Only information.  No Confidential or Attorneys' Eyes Only information shall be permitted to remain in the possession of any mock juror.

4.    <u>Disclosure of Confidential Information to Experts</u>:  Counsel for the parties intending to disclose Confidential Information to experts, consultants, or employees and/or

5

assistants under the control of such expert or consultant (collectively, "Consulting Experts")
specified in Paragraph 3 above shall first obtain a signed undertaking, in the form of Attachment
A, from each such persons, and such counsel shall retain in their files the original of each such
signed undertaking.  A copy of the signed undertaking from any Expert who may be used at trial
to present evidence under Federal Rules of Evidence 702, 703, or 705 ("Expert") shall be
forwarded to opposing counsel with the Expert's qualifications, including a list of all
publications authored in the previous five (5) years, and a statement identifying all other cases in
which the Expert has testified as an expert at trial or by deposition in the last four (4) years.  No
"Confidential" or "Attorneys' Eyes Only" materials shall be disclosed to such Expert until after
seven (7) days commencing with the service of a copy of the executed undertaking and
curriculum vitae (from expert or consultant).  Moreover, if during those seven (7) days opposing
counsel objects to such disclosure, there shall be no disclosure of "Confidential" or "Attorneys'
Eyes Only" materials to such Expert except by mutual agreement of the parties or order of the
Court.  The party or non-party opposing disclosure of such materials shall have the burden of
filing a motion with the Court for an order opposing such disclosure within seven (7) days after
providing notice of the objection to such disclosure.

     5.     Disclosure of Confidential Information to Other Persons:  If attorneys for either
party wish to disclose Items designated as "Confidential Information" to persons not permitted
access under Paragraph 3, the party wishing to make such disclosure shall give at least ten (10)
days advance notice in writing to counsel for the party which so designated the information,
stating the names and addresses of the person(s) to whom disclosure will be made, identifying

the Items to be disclosed, stating the relationship, if any, of such person(s) to the parties or either of them and stating the purpose of such disclosure. If no objection to the disclosure is made within the ten (10) days, the disclosure may proceed. If objection to disclosure is made, the parties shall attempt to resolve informally the objection before the party proposing disclosure seeks relief from the Court. Nothing designated under Paragraph 2 above may be disclosed to any such other persons until objections are resolved by the parties or the Court. If, within the ten (10)-day period, no objection is made to the proposed disclosure, and before any such disclosure is made, such other person(s) shall sign a recital in the form of <u>Attachment A</u> that the signatory has read and understands this Protective Order, will abide by all of its provisions, and a copy of such recital shall be provided to the attorneys who originally designated the Item as a "Confidential" or "Attorneys' Eyes Only" Item.

6.    <u>Prosecution Bar:</u> Any person who receives "Attorneys' Eyes Only" or "Highly Confidential – Source Code" materials from the opposing party shall not participate in any way (including but not limited to participating in a supervisory capacity) in: (a) the preparation or prosecution of any application for patent, whether foreign or domestic, on behalf of any party in this action (or any entity in privity with such party) in which such patent has any claims directed to electronic or interactive programming guides for television or technologies related to identification and control data for television programs; or (b) advising any client concerning strategies for obtaining patent rights in such field, from the time of receipt of such Confidential Information through and including two (2) years following the complete termination of this action by either entry of a final, non-appealable judgment or order, the complete settlement of all

7

claims against all parties in this action, or any other means.  For purposes of this Paragraph, the prosecution bar does not apply to any reexamination proceeding that is initiated by any Verizon defendant in this action.

7.  <u>Disclosure of Confidential Information to Non-Party Deponents:</u>  A non-party deponent may, during the deposition, be shown and examined about "Confidential Information" Items if one of the following conditions is met: (a) the provisions of Paragraph 5 of this Protective Order are complied with; (b) if it appears from the Item that the deponent sent, received, or has otherwise seen or known about the Item; or (c) if the attorney who designated the Item as a "Confidential Information" Item agrees at the deposition that the Item may be shown to the deponent.

8.  <u>Designation of Deposition Transcripts:</u>  Parties (and deponents) may designate the original and all copies of any deposition transcript (and exhibits thereto) as "Confidential" or "Attorneys' Eyes Only" Items by orally indicating the appropriate designation on the record before the close of the deposition or by notifying the court reporter and all counsel in writing of the appropriate designate within thirty (30) days after receiving the final transcript, during which thirty (30) day period the transcript shall be treated as "Attorneys' Eyes Only."  If no oral designation was made at the deposition and no written designation is made within the thirty (30) day period, then the transcript and testimony shall be deemed non-confidential.

9.  <u>Inadvertent Production of Confidential Material:</u>  Where "Confidential Information" has been produced without designation, or bearing a mis-designation, the producing party may correct this through written notification to counsel for the receiving party.  The parties

8

shall treat the document or thing in the manner designated in the written notification, and such document or thing shall be subject to this Protective Order as if it had been initially so designated.  The producing party shall provide properly marked replacement documents or other tangible items to the receiving party within ten (10) days after the notice.  Within ten (10) days of receiving properly marked replacements, the receiving party shall confirm in writing that the unmarked documents or other tangible things were destroyed, or return the previously unmarked documents or tangible items to the producing party.  If, prior to receiving such notice, the receiving party has disseminated any "Confidential Information" to individuals not authorized to receive it hereunder, the receiving party shall make reasonable efforts to retrieve the "Confidential Information" or to otherwise assure that the recipient(s) properly mark and maintain the "Confidential Information."  In addition, the receiving party shall immediately notify the producing party of such dissemination.

       10.    <u>Inadvertent Production of Privileged or Protected Material:</u>  Production or disclosure of documents, things, or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall neither waive nor prejudice any claim that such or related material is privileged or protected by any applicable privilege or immunity, provided the producing party notifies the receiving party in writing promptly after discovering such production.  In such an event, the producing party shall request, in writing, within ten (10) days of learning of such inadvertent or mistaken production, the return of all information for which a claim of inadvertent or mistaken production is made.  Within ten (10) days of receiving a request to do so from the producing party, the receiving party shall return

or provide a written representation that such produced documents, things, or information, including all copies thereof, have been destroyed.  No use shall be made of such documents, things, or information during deposition or at trial, nor shall such documents, things, or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.  Should a privileged or protected document, thing, or information be produced inadvertently, the producing party shall then provide a withheld document log identifying such produced document or thing.  Further, if the receiving party knows or believes that documents, things, or information were not intended for that party and contains secrets, confidences, or other privileged matters, the receiving party, upon recognition of such Items, shall, without further review or other use, notify the producing party and (insofar as it shall have been in written or other tangible form) abide by the producing party's instructions regarding return or destruction of such documents, things or information.  The receiving party may, however, move the Court for an order compelling production of any produced document, thing, or information, but the motion shall not assert as a ground for production the fact of the production nor shall the motion disclose the content of the produced document, thing, or information (beyond any information appearing on the above-referenced log) in any way in connection with any such motion.

   11. <u>Offering Confidential Information in Evidence:</u>  Subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, "Confidential Information" Items may be offered in evidence at trial or any court proceeding.  However, any party may move

the Court for an order that the evidence be received in camera or under other conditions to

prevent unnecessary disclosure.

12.   <u>Filing Under Seal:</u>  If "Confidential Information" Items need to be filed with the

Clerk, they shall be filed under seal in accordance with the Local Rules.

13.   <u>Scope of Access:</u>  Persons obtaining access to "Confidential Information" under

this Protective Order shall use the Item and the information contained therein only for

preparation and trial of this Action (including appeals and retrials) and shall not use such Item or

information for any other purpose, including but not limited to use in other litigations, use of

business purposes, or use for patent prosecution.  Nothing in this Protective Order shall bar or

otherwise restrict any attorney herein from rendering advice to his or her client with respect to

this Action and, in the course thereof, relying upon his or her examination of a "Confidential

Information."

14.   <u>Control and Access of Confidential Material:</u>  The attorneys of record and parties

are responsible for employing reasonable measures to control access to and distribution of Items

designated as "Confidential Information" Items pursuant to this Protective Order.  To the extent

it is necessary for any of the attorneys of record and/or the parties to create any duplicates and/or

copies, including but not limited to electronic copies, of any documents or Items designated as

"Confidential Information," the duplicating attorney of record or party shall be responsible for

ensuring that such duplicates and/or copies are designated as "Confidential Information" in

accordance with the designation of the original document or Item and the terms of this Protective

Order.

11

15.    Source Code:  To the extent production of source code becomes necessary in this case, the Default Standard for Access to Source Code is incorporated herein by reference except that the parties agree that the following provisions apply:

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "Highly Confidential – Source Code" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected material designated as "Highly Confidential – Source Code" shall be subject to all of the protections afforded to "Attorneys' Eyes Only" information and may be disclosed only to the individuals to whom "Attorneys' Eyes Only" information may be disclosed, as set forth in Paragraph 3.

(c)    Produced source code shall be made available for inspection electronically and in text-searchable form on a stand-alone, password-protected, non-networked personal computer located at the offices of the producing party's outside counsel of record or other U.S. location mutually agreed upon by the producing party and the receiving party ("Source Code Computer").  The Source Code Computer shall be free of any software or other means of tracking which files or file portions are reviewed by the receiving party.

(d)    At least ten (10) days prior to the date on which access to the Source Code Computer is sought, counsel of record for the receiving party shall provide a list of the outside counsel and experts seeking access to the Source Code Computer, and the producing party shall have the right to object to such access.  During the

12

pendency of the 10-day notice period, no listed individual shall have access to the Source Code Computer.  The parties shall meet and confer in good faith to resolve any objections by the producing party.

(e)     A list of names of persons who will view the source code will be provided to the producing party in conjunction with any notice requesting inspection.  Each time a person accesses the Source Code Computer, the person shall sign a sign-in sheet prior to and subsequent to accessing the computer that includes the name of the person accessing the computer and the date and time in and out.

(f)     The producing party shall make the Source Code Computer available for inspection during normal business hours upon reasonable notice, which for purposes of this Paragraph shall be 8:00 a.m. through 7:00 p.m.

(g)     If a receiving party takes notes or otherwise creates a document during its inspection of source code per the provisions of this Paragraph and such notes or documents contain any portion of the source code ("source code notes"), no additional copies of those source code notes shall be made and those source code notes shall not be provided to any individuals except for the individual who created those source code notes and/or respective outside counsel.  The receiving party shall not use the provisions in this subparagraph in order to circumvent the process for requesting printed pages of source code in subparagraph (h) below.

(h)     The receiving party may request paper copies of limited portions of source code, not to exceed 25 consecutive pages and no more than 500 pages of source code in aggregate, that are reasonably necessary for the preparation of court filings,

13

pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the source code other than electronically as set forth in in this Section in the first instance.  The producing party shall provide all such source code in paper form, including production numbers and the label "Highly Confidential – Source Code."

(i)     The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form.  The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.  The receiving party shall only make additional paper copies if such additional copies are (i) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (ii) necessary for deposition, or (iii) otherwise necessary for the preparation of its case.  Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(j)     Use of any input/output device, recordable media or recordable device (e.g., USB memory stick, CDs, portable hard drives, cameras, sound recorders, etc.) is prohibited while accessing the Source Code Computer, and no such devices or media shall be permitted in the room with the Source Code Computer.  Other than as provided herein, the receiving party shall not copy, remove, or otherwise transfer any source code from the Source Code Computer.

14

(k)     Outside counsel and experts for a receiving party shall maintain and store any

paper copies of the source code or notes related to such source code at their

offices in a manner that prevents duplication of or unauthorized access to the

source code or notes, including, without limitation, storing the source code or

notes in a locked room or cabinet at all times when they are not in use.

(l)     The receiving party's outside counsel of record may make no more than five (5)

additional copies of any portions of the source code printed pursuant to

subparagraph (g) above, not including copies attached to court filings, and shall

maintain a log of all copies of the source code.  Any paper copies of source code

designated "Highly Confidential – Source Code" shall be stored or viewed only at

(i)  the office of outside counsel for the receiving party; (ii) the offices of experts

who have been approved to access "Highly Confidential – Source Code"

information; (iii) the site where any deposition is taken; (iv) the Court; or (v) any

intermediate location necessary to transport the information to a hearing, trial or

deposition.  Any such paper copies shall be maintained at all times in a locked and

secure location.  The producing party shall not unreasonably deny a receiving

party's request to make (and log) additional copies, providing that the request is

for good cause and for use that otherwise complies with this Protective Order.

The producing party shall be entitled to a copy of the log upon request, and at the

conclusion of the litigation.

(m)    All paper copies of source code and notes related thereto shall be securely

destroyed if they are no longer necessary in the litigation (e.g., extra copies at the

conclusion of a deposition).  Copies of source code that are marked as deposition

exhibits shall not be provided to the court reporter or attached to deposition

transcripts; rather the deposition record will identify the exhibit by its production

number.

(n)    The receiving party may not create electronic images, or any other images, of the

source code from the paper copy for use on a computer (e.g, may not scan the

source code to a PDF, or photograph the code).  The receiving party may create an

electronic copy or image of selected portions of the source code only when

reasonably necessary to accomplish any filing with the Court or to serve any

pleadings or other papers on any other party (including expert reports).  Images or

copies of source code shall not be included in correspondence between the parties

(references to production numbers shall be used instead) and shall be omitted

from pleadings and other papers except to the extent permitted herein.  Other than

as provided herein, the receiving party shall not make any electronic copies of the

source code, nor shall the receiving party e-mail, upload, download, or otherwise

electronically transmit or electronically store any source code.

16.    <u>Other Proceedings:</u>  By entering this Order and limiting the disclosure of

information in this case, the Court does not intend to preclude another court from finding that

information may be relevant and subject to disclosure in another case.  Any person or party

subject to this Order who becomes subject to a motion to disclose another party's information

designated "Confidential," "Attorneys' Eyes Only," or "Highly Confidential – Source Code"

16

pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

If a party in possession of Items designated as "Confidential Information" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from other persons purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand or request (including delivery of a copy of the same) to the attorneys for the producing or disclosing party.

In the event that a motion, subpoena, demand or request purports to require production of such Items designated as "Confidential," "Attorneys' Eyes Only," or "Highly Confidential – Source Code" on less than ten (10) days' notice, the party to whom the motion, subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such motion, subpoena, demand or request to the attorneys for the producing or disclosing party.

17.     <u>Non-Party's Protected Material Sought to be Produced in This Litigation:</u>  The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as "Confidential," "Attorneys' Eyes Only," or "Highly Confidential – Source Code."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.  In the event that a party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's Confidential Information, then the party shall:

17

(a)    Promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b)    Promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving party may produce the non-party's Confidential Information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court.  Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its protected material.

18.    <u>Termination of Litigation and Continuing Nature of Confidentiality:</u>  Within sixty (60) days after final conclusion of all aspects of this litigation, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against all parties in this Action, or by other means, each party shall, at its option, either return to the producing party or destroy all physical objects identified as "Confidential," "Attorneys' Eyes Only," or "Highly Confidential – Source Code" which were received from the producing party.  Notwithstanding the foregoing, counsel of record may retain a copy of all notes, memoranda, and other work product materials, correspondence, pleadings and motion papers including all supporting or

18

opposing papers and exhibits thereto), discovery requests and responses (and exhibits thereto), deposition and trial transcripts, exhibits offered into evidence at trial, and expert reports designated Confidential Information, or incorporating such materials.  Notwithstanding the provisions of this Paragraph, outside counsel of record in this matter is not required to delete information that may reside on their respective firm's electronic disaster recovery systems which are over-written in the normal course of business.  However, the outside firms who have appeared as counsel of record in this matter agree that no "Confidential," "Attorneys' Eyes Only," or "Highly Confidential – Source Code" information shall be retrieved from the electronic disaster recovery systems after the conclusion of the above-captioned  matter.   This Protective Order, and all obligations and duties arising under it, shall remain in effect after the final termination of this Action, unless otherwise ordered by the Court.

Miscellaneous Provisions

19.     Nothing herein shall be construed as an agreement or admission (a) that any information or Item designated as "Confidential Information" is, in fact, confidential; or (b) that the information contained therein is competent, relevant or material as evidence in this cause.

20.     Nothing in this Protective Order shall prevent a designating party from disclosing or using its own "Confidential Information" Items in any manner; however, use of the "Confidential Information" Items may alter its designation and trigger the ability of the receiving party to challenge the continuing designation as "Confidential Information."  The restrictions stated in this Protective Order may be extended to additional documents or information by agreement of the parties.

21.     This Protective Order shall be without prejudice to the rights of the parties to seek a modification thereof, and each party shall have the right to oppose production of any information for any reason other than confidentiality.

22.     Counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretation or application of this Protective Order that may arise.

23.     Nothing in this Protective Order shall be deemed a waiver of any objections to discovery requests served by the parties or shall change the timing of responses to discovery requests, which shall be governed by the applicable local and federal rules.


IT IS SO ORDERED THIS _____ DAY OF _____, 2012.


_____
The Honorable Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

20

AGREED AS TO FORM:

BAYARD, P.A.                                    SEITZ ROSS ARONSTAM & MORITZ LLP

_____                      _____
Richard D. Kirk, Esq. (# 922)                  Collins J. Seitz, Jr., Esq. (#2237)
Stephen B. Brauerman, Esq. (# 4952)            Benjamin J. Schladweiler, Esq. (#4601)
222 Delaware Avenue, Suite 900                  100 S. West St., Suite 400
P.O. Box 25130                                  Wilmington, DE 19801
Wilmington, DE 19899                            (302) 576-1600
(302) 655-5000                                  cseitz@seitzross.com
rkirk@bayardlaw.com                             bschladweiler@seitzross.com
sbrauerman@bayardlaw.com

                                               *Attorneys for Defendants Verizon Services*
*Attorneys for Plaintiff Suomen Colorize Oy*   *Corp., Verizon Online LLC, and Verizon*
                                               *Delaware LLC*
OF COUNSEL
Karen H. Bromberg, Esq.                         OF COUNSEL
Francisco A. Villegas, Esq.                     John L. North, Esq.
Damir Cefo, Esq.                               Darcy L. Jones, Esq.
Joyce E. Kung, Esq.                            KASOWITZ, BENSON, TORRES
COHEN & GRESSER LLP                            & FRIEDMAN LLP
800 Third Avenue                               Two Midtown Plaza, Suite 1500
New York, New York 10022                       1349 West Peachtree Street, N.W.
(212) 957-7600                                 Atlanta, GA 30309
kbromberg@cohengresser.com
fvillegas@cohengresser.com                     Norman E.B. Minnear, Esq.
dcefo@cohengresser.com                         KASOWITZ, BENSON, TORRES
jkung@cohengresser.com                         & FRIEDMAN LLP
                                               1633 Broadway
*Attorneys for Plaintiff Suomen Colorize Oy*   New York, NY 10019

                                               *Attorneys for Defendants Verizon Services*
                                               *Corp., Verizon Online LLC, and Verizon*
                                               *Delaware LLC*

Attachment A

CONFIDENTIALITY AGREEMENT

I, _____, have read and understand the Agreed Protective Order in the case currently styled SUOMEN COLORIZE OY V. VERIZON SERVICES CORP. ET AL., C.A. No. 12-715-CJB (D. Del.), and agree to be bound by its terms with respect any documents, information or materials that are furnished to me as set forth in the Protective Order. I agree not to disclose to anyone any such documents, information or materials. I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will be returned by me to the person who furnished such documents, materials or information to me upon conclusion of the case. I consent to the jurisdiction of the U.S. District Court for the District of Delaware for the limited purpose of any proceedings to enforce the terms of the Protective Order and for no other purpose. In the event that a U.S. District Court with jurisdiction over this matter issues an order transferring this matter to another U.S. District Court, I agree that my consent to jurisdiction, as provided herein, in any matter related to this Agreement will also transfer as indicated in any such order.

Date:_____                        _____
                                                            Signature

22