# SEITZ ROSS ARONSTAM & MORITZ LLP

100 S. West Street, Suite 400
Wilmington, DE  19801
Telephone  302.576.1600
Facsimile  302.576.1100
www.seitzross.com

**Collins J. Seitz, Jr.**
cseitz@seitzross.com
302.576.1601

May 3, 2013

**VIA E-FILING AND HAND DELIVERY**
The Honorable Christopher J. Burke
USDC for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 28, Room 6100
Wilmington, DE  19801

PUBLIC VERSION

> Re:   *Suomen Colorize Oy v. Verizon Services Corp., et al.*,
>       C.A. No. 12-715-CJB

Dear Judge Burke:

   In connection with the discovery conference set for May 8, 2013 at 11:00 a.m., the Verizon Defendants ("Verizon") respectfully request that this Court compel Plaintiff Suomen Colorize Oy ("Plaintiff") to withdraw its excessive deposition notices and schedule six depositions that can be completed by no later than May 24, 2013 and within the 50 hours allotted in the Scheduling Order.  After agreeing to the 50-hour limit on depositions, Plaintiff, late in fact discovery and in violation of Rule 30, noticed *sixteen* depositions of Verizon witnesses including a Rule 30(b)(6) notice.  Plaintiff not only refuses to withdraw any of these notices, but also refuses to actually schedule any of these depositions, based on makeweight concerns about Verizon's document production (a full production consisting of over 350,000 pages plus the entire source code for its current Interactive Program Guide) and an unreasonable request seeking authentication of every document in Verizon's production.  This unwarranted delay is in a case that Plaintiff characterized to the Court as "rather narrow concerning what the patent covers" and one in which "there might not be a lot of discovery taken because it's narrowly tailored."  *See* Ex. A, Excerpts of August 23, 2012 Rule 16 Conference Tr. at 12:6-12.

   Nothing has changed.  The patent and what it covers certainly have not changed.  The only new development is that discovery has shown that Verizon's Interactive Program Guide is non-infringing and Plaintiff apparently wishes to keep discovery open well past its scheduled close while it seeks other theories.  Plaintiff's position that it is unable to take a single deposition, nor withdraw a single notice, is not well-grounded.  Verizon respectfully requests the Court's assistance so that fact discovery can be completed in a reasonably timely fashion (albeit well after the close of fact discovery).

The Honorable Christopher J. Burke
May 3, 2013
Page 2

## I.      BACKGROUND

### A.      Plaintiff's Statements at the Rule 16 Conference Were Clear that "This Case, It is Rather Narrow Concerning What the Patent Covers [and] There Might Not Be a Lot of Discovery."

The patent-in-suit covers a very specific method of forming an on-screen display for program listings (such as television programs), typically referred to as an Interactive Program Guide ("IPG"), by extracting information from the broadcast stream itself and providing it to the viewer for use in selecting a program.  *See* Ex. B (U.S. Patent No. 7,277,398) at claim 1. Verizon's IPG is part of a larger suite of services that Verizon provides its customers on a product called the Interactive Media Guide, or "IMG."

At the Rule 16 conference, Plaintiff recognized that discovery in this case would be narrow based on its own understanding of its own patent.  Ex. A at 12:6-12.  Plaintiff was correct that the narrowness of discovery follows from the narrowness of its patent.  In fact, Plaintiff took the view that not even the entire Verizon IMG would be at issue, stating that "the characterization about how the electronic program [guide] is created and how it's delivered is going to be the focus of the case, not all aspect of the interactive media guide." *Id.* at 12:12-15. Plaintiff later reiterated its arguments about the narrowness of discovery in connection with the parties' protective order source code dispute.  D.I. 28 (9/20/12 Letter from Brauerman to the Hon. Christopher J. Burke, pp. 1-2).

### B.      Plaintiff's Discovery Tactics Are Needlessly Expanding and Delaying the Case.

*Plaintiff's Excessive Deposition Notices Which It Has Failed to Prosecute:* Fact discovery was scheduled to close today, yet Plaintiff apparently was not ready to take a single deposition of a Verizon witness prior to the closing date, despite having noticed depositions far beyond what it can complete in 50 hours and well beyond the limits of the Federal Rules. Plaintiff did not serve its first deposition notice until April 1, 2013.  *See* D.I. 52.  After Verizon received Plaintiff's initial three notices, Verizon confirmed the deposition dates, making its witnesses available for deposition on the exact days set forth in Plaintiff's notices.  Yet the week before these scheduled and confirmed dates, Plaintiff cancelled all three depositions.

Further, instead of taking the depositions already noticed, Plaintiff served new notices later in April, raising the total number of noticed depositions to sixteen.  The new notices included eight individual deposition notices served without advance notice at 10:00 pm on a Friday night two weeks before the scheduled close of fact discovery, all of which notices Plaintiff scheduled for the last day of fact discovery, and a broad Rule 30(b)(6) notice served three weeks before the scheduled close of fact discovery.[1]  *See* D.I. 52-54, D.I. 56, D.I. 58, D.I. 61- 63, D.I. 65-72.  Plaintiff has not sought leave of Court to serve these notices nor explained

---

[1]  Verizon has issued objections to this Rule 30(b)(6) notice.  The parties are still engaging in meet and confer discussions to attempt to limit the scope of this notice.

The Honorable Christopher J. Burke
May 3, 2013
Page 3

how it could complete sixteen noticed depositions in 50 hours or in a reasonable length of calendar time.  Instead, Plaintiff has merely intimated that it does not intend to take all of these depositions, which neither helps to establish a reasonable schedule nor relieves Verizon, its counsel, and its employees of the burden of preparation.

*Verizon's Ample Document Production:*  Plaintiff cannot justify its conduct based on its asserted concerns about document production.[2]  Verizon has provided full discovery on how its program guide is created and delivered and numerous topics well beyond.  Verizon has made available for inspection the entirety of its current IMG source code—the key evidence of how the guide operates—plus more than 350,000 pages of additional documents, including technical documents such as program manuals, release notes, message flows, and architecture diagrams.[3]  What is more, Plaintiff implicitly approved the scope of Verizon's production after Verizon notified Plaintiff in February 2013 of its proposed search terms for electronically stored information, to which Plaintiff issued no objection.  Ex. C (2/19/13 Email from Jones to Kung).

Plaintiff's real concern appears to be that Verizon's IMG does not infringe its patent.  Especially telling is Plaintiff's inspection of Verizon's source code.  After seeking the code, requesting and receiving special arrangements to have its West Coast expert review the code in December 2012, and having the right to obtain paper copies of 500 pages of code, ***Plaintiff has not requested a copy of a single line of code***.  Instead, Plaintiff now appears to wish to take the focus of this case off the Verizon IMG and expand it to theories about other aspects of FiOS TV.  Even there, while raising objections, Verizon has gone above and beyond its obligations and complied with even those document requests that are far outside relevant topics.

*Plaintiff's Unreasonable Authentication Request:*  Plaintiff also seeks to justify its bombardment of deposition notices based on its unreasonable demand that Verizon agree that every document in Verizon's production is authentic.  *See* Ex. D (4/11/13 Letter from Kung to Minnear).  Verizon has agreed to reasonably limited informal requests for authentication of its Paragraph 4 disclosures and certain financial reports.  *See* Ex. E (4/18/13 Email from Minnear to Kung).  But there is nothing reasonable about asking for authentication of hundreds of thousands of pages of documents, and then using that request as a rationale to notice excessive numbers of depositions (and then refusing to take them).  There is no known dispute about authentication in this case.  There were and are other, non-abusive avenues available to Plaintiff: either it could notice a deposition if and when an authentication issue arises or it could have exercised its rights under the Scheduling Order, which permits an unlimited number of requests for admission on authentication (Plaintiff served none).

---

[2]  Verizon will respond to Plaintiff's specific complaints about a few categories of documents after Plaintiff raises those to the Court (and believes that the Court will see clearly that Verizon's production is complete even as to the complained-of categories).

[3]  Further, Verizon recently offered source code for its "Mobile Apps" to Plaintiff for review.  Plaintiff has declined to review it.

The Honorable Christopher J. Burke
May 3, 2013
Page 4

## II.    ARGUMENT

### A.    Plaintiff's Excessive and Improper Last-Minute Deposition Notices Are an Abuse of the Discovery Process.

Plaintiff's excessive deposition notices are a violation of the Federal Rules and an abuse of discovery.  Parties must seek leave of court to take more than ten depositions.  Fed. R. Civ. P. 26(b)(2); 30(a)(2)(A).  Parties seeking such leave must make a "particularized" showing of need. *See, e.g., Alaska Elec. Pension Fund v. Pharmacia Corp.*, No. 03-1519 (AET), 2006 U.S. Dist. LEXIS 59095, at *11, 16 (D.N.J. Aug. 22, 2006) (citations omitted);  *Archer Daniels Midland Co. v. Aon Risk Servs., Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999).  And before moving the Court for leave, a party must first exhaust available discovery.  *Alaska*, 2006 U.S. Dist. LEXIS 59095 at *12-13, 18-19 (denying motion for leave to take depositions beyond ten-witness limit where Plaintiff had not deposed a single witness); *Archer Daniels Midland*, 187 F.R.D. at 587 (same).

There is no excuse for Plaintiff's violation of the Federal Rules.  It has not taken a single deposition nor shown any need to exceed the Rules' ample limits.  Plaintiff cannot complete the sixteen individual depositions including its 30(b)(6) deposition within the 50 hours ordered by the Court.  *See, e.g.*, D.I. 63 (Notice of 30(b)(6) Dep. of Verizon) at Topic 7(a).  Plaintiff has noticed far more deposition testimony than: (1) the Federal Rules allow without leave; (2) it can complete in 50 hours; (3) it can complete in a reasonable amount of calendar time; and, (4) is warranted in a case in which "there might not be a lot of discovery taken."

### B.    Plaintiff's Refusal to Commence Taking Depositions Is Unwarranted and Has Needlessly Delayed the Prosecution of this Case.

Fact discovery should have been complete as of today's date, and Verizon stood ready to make its deponents available during the scheduled fact discovery stage.  Plaintiff's reasons for refusing to begin depositions do not pass muster.   Plaintiff's demand that Verizon pre-authenticate more than 350,000 pages of documents is not a rationale for a massive expansion of discovery.  Likewise, Plaintiff's expressed concerns about document production are baseless and do not justify failing to take a single deposition.  Plaintiff has possessed for months vast stores of responsive documents about, and source code for, the accused services.  Verizon has undertaken numerous good-faith investigations in response to Plaintiff's subsequent questions about Verizon's production, the typical result of which has been Verizon either identifying for Plaintiff previously-produced documents or providing information cumulative of that already produced. *See* Ex. F (4/8/13 Letter from Jones to Kung); Ex. G (4/9/13 Letter from Jones to Por); Ex. H (4/15/13 Letter from Minnear to Villegas); Ex. I (4/17/13 Letter from Jones to Villegas).  If Plaintiff truly believes that Verizon has additional documentation for information that cannot be found in its source code or its document production, Plaintiff can determine whether that is the case by taking depositions.  Yet that is exactly what Plaintiff refuses to do.

For the reasons discussed above, Defendants respectfully request that the Court order Plaintiff to withdraw ten deposition notices, and schedule and complete depositions of Verizon witnesses by May 24, 2013, with such depositions not to exceed 50 hours of time on the record.

The Honorable Christopher J. Burke
May 3, 2013
Page 5

Respectfully submitted,

*/s/ Collins J. Seitz, Jr.*

Collins J. Seitz, Jr.
(Bar No. 2237)

cc:   Clerk of the Court (via hand delivery; w/ enclosures)
      All counsel of record (via electronic mail; w/ enclosures)