**SEITZ ROSS ARONSTAM & MORITZ** LLP

100 S. West Street, Suite 400
Wilmington, DE 19801
Telephone 302.576.1600
Facsimile 302.576.1100
www.seitzross.com

**Collins J. Seitz, Jr.**
cseitz@seitzross.com
302.576.1601

May 6, 2013

**VIA E-FILING AND HAND DELIVERY**
The Honorable Christopher J. Burke
USDC for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Unit 28, Room 6100
Wilmington, DE 19801

PUBLIC VERSION

Re: *Suomen Colorize Oy v. Verizon Services Corp., et al.*,
C.A. No. 12-715-CJB

Dear Judge Burke:

Verizon writes in response to SCO's May 3, 2013 letter (the "Letter")[1] alleging insufficiencies in Verizon's document production. While SCO makes vague, general references to supposed insufficiencies in Verizon's document production, it lists specific deficiencies in just three categories. Verizon's production is complete, including with regard to these three categories. Not only has Verizon produced more than 350,000 pages of responsive documents, but it also has permitted SCO to inspect the entire source code for its current FiOS TV Interactive Media Guide ("IMG") product. Verizon's production, which is 35 times that of SCO's, provides full information on how the electronic program guide in Verizon's IMG is created and delivered – the stated focus of the case (*see* Ex. A, Excerpts of 8/23/12 Rule 16 Conference Tr. at 12:12-15). Plus, as SCO continued to search fruitlessly for a theory of infringement, Verizon has produced documents well beyond this stated focus, directed to various other aspects of FiOS TV. Accordingly, SCO should receive no relief and no extension of discovery. An extension would only perpetuate SCO's continued self-imposed delays in prosecuting this case, at the expense of the case schedule, and effectively would allow SCO to continue serving discovery requests on Verizon in its quest for an infringement theory.

The fact that Verizon's document production consists solely of hundreds of thousands of pages of "materials that support … non-infringement" (Letter at 2) is not because Verizon's

---

[1] Letter to the Honorable Christopher J. Burke from Stephen B. Brauerman, Esq. regarding Discovery [D.I. 79].

The Honorable Christopher J. Burke
May 6, 2013
Page 2

production is incomplete, but because Verizon does not infringe the '398 patent.[2]  Verizon has produced tens of thousands of pages of highly-relevant technical materials based on an extensive document collection.  For example, Verizon has provided SCO with the IMG source code for FiOS TV; ▮  Attached are but some of the representative Paragraph 4(b) documents Verizon produced in November 2012.  (See, e.g., Ex. B, VZ-SCO-0003861-62, VZ-SCO-0001444-536, and VZ-SCO-0002821-61 at VZ-SCO-0002823-24.)  These documents are both detailed and clear ▮ (see Ex. B, VZ-SCO-0002821-61 at VZ-SCO-0002823-24, VZ-SCO-0002859; Ex. C, VZ-SCO-0002659-733) and the ▮ slide (see Ex. D, VZ-SCO-0003175-95 at VZ-SCO-0003184).  As Verizon has completed its document production, it has provided thousands of additional documents, among them the attached ▮ (See Ex. E, VZ-SCO-0003832-60.)

Aside from vague references to incompleteness and misleading recitations of the history of document production in this case,[3] SCO's Letter makes specific complaints about three specific categories of documents.  Verizon is not withholding responsive documents on any of these categories.

*Channel Map (Request Nos. 26 and 37) and Metadata (Request Nos. 23, 24 and 25):* The "channel map" referred to in these Requests ▮ (See Ex. F, VZ-SCO-0056632-65 at VZ-SCO-0056664.)

---

[2] Indeed, Verizon has repeatedly notified SCO that this case is baseless and that Verizon will seek recovery of fees pursuant to Federal Rule of Civil Procedure 11 and 35 U.S.C. § 285 because its ▮  Verizon has not, as SCO outrageously charges, "restricted its discovery production" solely to documents that support its case.  SCO developed the false notion that Verizon would make a self-serving production of Paragraph 4(b) documents **before document production even began in this case**, stating at the Rule 16 conference that "we would obviously be receiving these core technical documents relatively soon, but in a sense those could be tailored to be very self-serving to try to prove up Verizon's view of how their system works." (See Ex. A, Excerpts of 8/23/12 Rule 16 Conference Tr. at 27:21-25.)  The record of discovery in this case belies SCO's pre-constructed narrative on its face.

[3] SCO's recitation of the history of Verizon's document production efforts shows the lengths to which it must go to paint Verizon as obstructive.  For example, SCO takes issue with Verizon's October 24, 2012 production (Letter at 2), but fails to note that prior to that production, the parties stipulated to extend Verizon's time to provide its Paragraph 4(b) disclosures until November 2, 2012. [D.I. 36.]  On November 2, 2012, Verizon produced numerous technical documents, including ▮ (further supplemented on November 29, 2012) and ▮ referenced above.

███████████████████████████████████████████████ Nevertheless, SCO's Request Nos. 26 and 37 seek "documents sufficient" to show or identify information relating to the channel maps, and, in its continued effort to be cooperative, Verizon produced documents more than sufficient to show the information requested. Toward that end, Verizon has many times identified to SCO previously-produced documents that relate to the channel map. (*See, e.g.*, Ex. G, 4/8/13 letter from Jones to Kung at 2; Ex. H, 4/15/13 letter from Minnear to Villegas at 2; Ex. I, 4/17/13 letter from Jones to Villegas at 2; *see also* Ex. J, 4/22/13 letter from Jones to Kung.) In addition, in response to Interrogatory Nos. 1-4, Verizon also provided narrative responses and again identified numerous produced documents that show ███████████ ██████████████████████████████████████████████████████████ (*See, e.g.*, Ex. B, VZ-SCO-0003861-64; Ex. K, Responses to Interrogatory Nos. 1-4; Ex. L, VZ-SCO-0076876-77, VZ-SCO-0253681, VZ-SCO-332519-740, VZ-SCO-0340193.)

Perhaps recognizing the weakness in its position with respect to channel map documents, SCO for the first time now raises yet other issues never mentioned in meet-and-confers. First, SCO's assertion that Verizon is withholding source code relating to the channel map is new and surprising – and entirely erroneous.[4] In none of the parties' previous correspondence did SCO request channel map source code. Verizon provided the entire source code for its current IMG 1.9 software in December 2012, and SCO has never before asserted that this source code production was insufficient. Nor does SCO explain why the documents Verizon already has identified are insufficient to meet Request Nos. 26 and 37.

Further, SCO suddenly now raises other Requests with the Court that have not been the subject of recent meet-and-confers and as to which Verizon's production also is plainly complete. SCO cites its Request Nos. 23, 24, and 25 relating to program-specific information ("PSI") and program specific information protocol ("PSIP") data that Verizon receives from broadcasters.[5] Verizon fully addressed all three Requests by producing thousands of pages of documentation relating to the ███████████████████████████████████████████████ ██████████████████████████████████████████████████████████ (*See, e.g.*, Ex. S, Excerpts of documents produced by Verizon: VZ-SCO-0002749-52, VZ-0337055-84, VZ-SCO-0237141-984 at VZ-SCO-0237141, VZ-SCO-0237154-56, VZ-SCO-0237429-519; VZ-SCO-0340071-100, and VZ-SCO-0236959-7140 at VZ-SCO-0236959, VZ-SCO-0237013-23.)

---

[4] SCO's source code Request, and the Request addressed in the email that SCO cites, is Request No. 15, not Request Nos. 23-26 and 37. (Ex. M, 12/14/12 email from Jones to Kung.)

[5] Request No. 25 has *never* been the specific subject of a meet-and-confer. Moreover, SCO has not raised any concerns about Verizon's document production in response to Request Nos. 23 and 24 in nearly three months. (Ex. N, 1/8/13 letter from Kung to Minnear; Ex. O, 1/22/13 letter from Villegas to Minnear; Ex. P, 1/30/13 letter from Minnear to Villegas; Ex. Q, 2/5/13 letter from Villegas to Minnear). After Verizon agreed on February 7, 2013 to produce documents responsive to the revised scope of Request Nos. 23 and 24 to the extent such documents existed, SCO raised no further concerns until this Letter. (Ex. R, 2/7/13 letter from Minnear to Villegas.)

The Honorable Christopher J. Burke
May 6, 2013
Page 4

*Data and Metadata Provided to Guide Listing Providers (Request Nos. 54 and 55):* ███ Request Nos. 54 and 55 seek documents sufficient to identify information ███ Verizon has produced such documents and even identified documents in its production ███ (*See, e.g.,* Ex. T, 4/8/13 letter from Jones to Kung at 2; Ex. U, 4/15/13 letter from Minnear to Villegas at 2; Ex. V, 4/17/13 letter from Jones to Villegas at 1-2.) The document SCO cites at Exhibit G does not provide any grounds for alleging that Verizon's production is incomplete. ███

Verizon has already provided SCO with a 30-page list of documents describing ███ through its Response to SCO's Interrogatory No. 5. (*See* Ex. K, Verizon Defendants' Response to SCO's Interrogatory No. 5.) Confusingly, SCO addresses this Interrogatory Response in the context of Request Nos. 23-25, instead of Request Nos. 54 and 55, and then claims that the documents identified are not responsive. (Letter at 3.) But the referenced documents are ███ exactly what SCO now alleges to be missing. (*See* Ex. K.) ███ (*See, e.g.,* Ex. X, VZ-SCO-0055601-02.)

*Documents Related to Marketing (Request Nos. 1-4 and 7):* Likewise, Verizon has fully complied with SCO's narrow Rule 34 Requests relating to marketing documents. The marketing-related documents SCO now seeks to compel are not within the scope of its actual Rule 34 Requests, which themselves are not nearly as broad as the types of documents SCO now seeks. Request No. 2 seeks documents "concerning the importance of the Accused Features to the marketing and advertisement of the FiOS TV products" and Request No. 4 seeks documents "sufficient to show the advantages or purported advantages of each Accused Feature . . . ." (*See, e.g.,* Ex. Y, SCO's First Request to Def. Verizon Delaware LLC for the Inspection of Documents and Things (Nos. 1-21).) SCO cannot now transmute the narrow Requests it served into a broad request for all marketing documents for the FiOS IMG. Yet that it is how broad SCO's Requests would need to be to encompass the documents – including blogger pitches, YouTube videos, and the like – it now apparently seeks. (*See* Exhibit M to Letter.) Verizon has complied fully with the Requests as actually written and served. It has produced executive-level documents relevant to the marketing of the FiOS IMG, showing how the IMG as a whole figures into the marketing of FiOS TV. (*See* Ex. Z, VZ-SCO-0068920-77.) ███ (*See* Ex. Z, VZ-SCO-0068928-33.) Additional marketing documents about aspects of the IMG unrelated to the creation and delivery of the program guide are neither encompassed by SCO's actual Rule 34 Requests nor relevant to the '398 patent.

The Honorable Christopher J. Burke
May 6, 2013
Page 5

                                      Respectfully submitted,

                                      */s/ Collins J. Seitz, Jr.*

                                      Collins J. Seitz, Jr.
                                      (Bar No. 2237)

cc:    Clerk of the Court (via hand delivery; w/ enclosures)
        All counsel of record (via electronic mail; w/ enclosures)