# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| SUOMEN COLORIZE OY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-715-CJB |
| | ) | |
| VERIZON SERVICES CORP., | ) | |
| VERIZON ONLINE LLC, and | ) | |
| VERIZON DELAWARE LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### VERIZON SERVICES CORP., VERIZON ONLINE LLC, AND VERIZON DELAWARE LLC'S COMMENTS ON PLAINTIFF SUOMEN COLORIZE OY'S TECHNOLOGY TUTORIAL

Verizon offers a brief set of comments regarding Plaintiff Suomen Colorize Oy's ("SCO") Technology Tutorial to correct the record regarding certain statements therein which are misleading concerning Verizon's Interactive Media Guide ("IMG") and the technology at issue, as well as to address statements that are directed to SCO's infringement, validity, and claim construction arguments, which are not proper for a background tutorial. (Cf. Scheduling Order [D.I. 18] at 7 ("The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions."), So Ordered on August 27, 2012.)

## I. MISCHARACTERIZATION OF VERIZON'S IMG AND THE TECHNOLOGY AT ISSUE

Slide 3, entitled "Current Electronic Program Guides," depicts Verizon's IMG. After discussing previous technological limitations presented by transmitting guide data during the vertical blanking interval (a fleeting period of time during which no television broadcast is transmitted to the viewer's screen), SCO presents a graphic of Verizon's IMG and asserts that "later electronic program guides solved the data bandwidth problem by transmitting copious

guide information <u>separately</u> from the media stream." This assertion misrepresents the nature of Verizon's IMG and the technology at issue. It insinuates that Verizon's IMG practices the claimed invention, that separate transmission of guide data is the sole distinguishing feature of the claimed invention, and that the separate transmission of guide data is the only way to more efficiently transmit guide data. Further, the question of whether a transmission of guide data through the vertical blanking interval should be considered to be separate or together with the television program broadcast is a question which may be disputed in the context of invalidity.

Slide 9, entitled "PSI," equates "programs" with "virtual channels" when discussing the Program Association Table. SCO's reference to "virtual channels" is part of its attempt to create a relationship between data found on Verizon's IMG with data found within the program multiplex. No such relationship exists, as will be demonstrated when the infringement issues in this case are heard. Specifically, the "virtual channels" displayed on Verizon's IMG do not originate in the service multiplex, but instead are independently created by Verizon.

## II.     IMPROPER CLAIM CONSTRUCTION ARGUMENTS

SCO improperly attempts to argue its claim construction positions through its characterization of the relevant technology. SCO makes the following arguments, which directly coincide with its proposed claim constructions:

- **Slide 4, "Transport Streams":** This slide argues that various programs are "interleaved together to form a program multiplex." This tracks SCO's proposed claim construction for the term "multiplexing." (See Am. Joint Claim Construction Chart [D.I. 98] at 3 ("interleaving two or more data signals together").) (To the extent that the lack of any discussion of the term "multiplex" in SCO's Answering Claim Construction Brief [D.I.

110] is an indication that SCO no longer contests Verizon's construction of "service multiplex," this issue may be mooted.)

- **Slides 5-7, "Packets":**  These slides generally discuss the units of data that are transmitted as part of the multiplex.  By referring to these units as packets, SCO improperly attempts to argue its proposed construction of "frame" (i.e., "digital packet"). (See Am. Joint Claim Construction Chart [D.I. 98] at 2.)

- **Slides 15-17, "PSIP Implementation" and "Multiplexed Stream of Audio and Visual Data":**  These slides refer to and depict frames that are "scattered throughout" the service multiplex.  This depiction falls in line with SCO's proposed construction of the phrase "identification and control data" as "data used to identify and/or configure services within the service multiplex," without regard for the location or order of such information within the multiplexed frames.  (See Am. Joint Claim Construction Chart [D.I. 98] at 5.)

SEITZ ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

John L. North
Darcy L. Jones
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
Two Midtown Plaza, Suite 1500
1349 West Peachtree Street, N.W.
Atlanta, GA  30309
jnorth@kasowitz.com
djones@kasowitz.com

Norman E.B. Minnear
KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, NY  10019
jminnear@kasowitz.com

Dated:  June 25, 2013

 */s/ Benjamin J. Schladweiler*
Collins J. Seitz, Jr. (Bar No. 2237)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
cseitz@seitzross.com
bschladweiler@seitzross.com

*Attorneys for Defendants Verizon Services Corp., Verizon Online LLC, and Verizon Delaware LLC*

# CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on June 25, 2013, I caused the foregoing ***Verizon Services Corp., Verizon Online LLC, and Verizon Delaware LLC's Comments on Plaintiff Suomen Colorize Oy's Technology Tutorial*** to be served via electronic mail to the following individuals:

| | |
|---|---|
| Richard D. Kirk<br>Stephen B. Brauerman<br>Vanessa R. Tiradentes<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801<br>(302) 655-5000<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com<br><br>*Attorneys for Plaintiff Suomen Colorize Oy* | Karen H. Bromberg<br>Francisco A. Villegas<br>Damir Cefo<br>Joyce E. Kung<br>COHEN & GRESSER LLP<br>800 Third Avenue<br>New York, NY 10022<br>(212) 957-7600<br>kbromberg@cohengresser.com<br>fvillegas@cohengresser.com<br>dcefo@cohengresser.com<br>jkung@cohengresser.com<br><br>*Attorneys for Plaintiff Suomen Colorize Oy* |

                                                 */s/ Benjamin J. Schladweiler*
                                                Benjamin J. Schladweiler (Bar No. 4601)